# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 2:07CR00001 |
| v. | ) | **OPINION** |
| **FLOYD MELVIN CULLIPHER,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Floyd Melvin Cullipher, Pro Se Defendant.*

The defendant, Floyd Melvin Cullipher, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, based on claims of ineffective assistance of counsel and an illegal search and seizure. The government filed a Motion to Dismiss and this matter is now ripe for disposition. After reviewing the record, I will grant the United States' Motion to Dismiss.

I.

On April 5, 2007, Cullipher pleaded guilty pursuant to a written plea agreement to two counts of sexual exploitation of children, in violation of 18 U.S.C. § 2251(a), and two counts of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). On June 25, 2007, I sentenced Cullipher to 180 months incarceration. Cullipher did not appeal.

On January 20, 2017, Cullipher filed this § 2255 motion alleging that he received ineffective assistance because counsel failed to challenge evidence seized from a search of his residence, that the search of his residence violated the Fourth Amendment, and that he is not guilty of the criminal conduct to which he pleaded guilty.

II.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, Cullipher's petition became final in 2007. He did not file his § 2255 petition until 2017. Accordingly it is clearly untimely under § 2255(f)(1). In addition, none of the other subsections of § 2255(f) are applicable.

Cullipher argues in his reply, that he is entitled to equitable tolling. Equitable tolling is available only in "those rare instances where – due to

circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Accordingly, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted).

Cullipher has not established that he has been pursuing his rights diligently, as these claims could have been raised in a § 2255 petition filed within one year of his final judgment. Moreover, he has not established extraordinary circumstances exist in his case, arguing only that the sensitive nature of his criminal conduct creates extraordinary circumstances. The nature of Cullipher's criminal conduct, however, does not created extraordinary circumstances warranting equitable tolling. Accordingly, I conclude that Cullipher has neither pursued his rights diligently nor established that extraordinary circumstance prevented him from filing a timely § 2255 motion. *See, e.g.*, *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling). Accordingly, Cullipher is not entitled to equitable tolling, and the § 2255 motion must be denied as untimely filed.

III.

For the foregoing reasons, I will grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence. A separate Final Order will be entered herewith.

DATED: May 17, 2018

/s/  James P. Jones
United States District Judge